■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPHINE GUADAGNO, Appellant.— Judgment of conviction unanimously affirmed. Counsel for defendant requested that the court hold as a matter of law that the witness

Morano was an accomplice. The court properly refused to do so. Perhaps the court, upon a proper charge, should have submitted to the jury the question as to whether the witness was an accomplice as a matter of fact. However, counsel for the defendant failed to ask that the issue be submitted to the jury nor did he except to the court's failure to do so. We cannot say whether this was an oversight on the part of counsel or whether his failure to so request was deliberate. Certainly the issue as to whether the witness was an accomplice was not overlooked. It was the subject of the defendant's request as above indicated. Defendant was represented by competent and experienced counsel and the failure to request that the jury pass on the issue could very well have been calculated. In any event, in view of the failure to make such request and to take a proper exception, this judgment should not be reversed on that ground. The other grounds for reversal urged by the defendant do not merit such disposition. Indeed even if we were to agree with the defendant with respect to her other complaints of error we would not reverse. The evidence strongly indicates that the jury arrived at a correct result in finding the defendant guilty. The so-called errors were not consequential in view of the strong case against the defendant and we may disregard them under section 542 of the Code of Criminal Procedure. Concur — Rabin, J. P., McNally, Stevens and Eager, JJ.